IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Lee Curry,<br><br>　　　　Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>　　　　Respondents. | No. CV 23-08507-PCT-JAT (MTM)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JAMES A. TEILBORG, SENIOR UNITED STATES DISTRICT JUDGE:

Petitioner Robert Lee Curry has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**I.　　SUMMARY OF CONCLUSION**

Petitioner pleaded guilty in Yavapai County Superior Court, case #CR 2013-00763, to one count of child molestation, one count of attempted sexual conduct with a minor under fifteen years of age, and three counts of sexual conduct with a minor. In his habeas petition, Petitioner raises four grounds for relief. However, the petition is untimely by over seven years, and Petitioner is not entitled to statutory or equitable tolling. Accordingly, the Court will recommend that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

\\\

\\\

## II. BACKGROUND

### A. Conviction and Sentencing

On May 15, 2014, Petitioner pleaded guilty to five offenses, including child molestation (Count One)—the conviction challenged in the instant habeas petition. (Doc 11-1 at 3; Exh. A.) On June 16, 2014, the court sentenced Petitioner to 11 years' imprisonment on Count One, suspended imposing a sentence on the remaining convictions, and placed Petitioner on lifetime probation beginning upon his release from prison on the molestation conviction. (Doc 11-1 at 42–46; Exh C.)

### B. Post-Conviction Relief Proceedings

On December 10, 2020, Petitioner filed a PCR notice, alleging ineffective assistance of counsel (IAC), "[t]he sentence as imposed is not authorized by law," and actual innocence. (Doc. 11-1 at 83; Exh. F.) On December 16, 2020, the trial court dismissed the PCR notice as untimely. (Doc. 11-1 at 101; Exh. G.) Petitioner filed a petition for review with the Arizona Court of Appeals. (Doc. 11-1 at 103–109; Exh. H.) On November 30, 2021, the court issued a Memorandum Decision finding that the trial court had correctly dismissed Petitioner's constitutional and IAC claims as they were untimely. *State v. Curry*, 2021 WL 5571128 at *2 (Ariz. Ct. App. 2021). However, the court ruled that Petitioner's claims of illegal sentence and actual innocence only needed to be filed "within a reasonable time" pursuant to Ariz. R. Crim. P. 33.4(b)(3)(B) and remanded the case finding that Petitioner was entitled to a hearing. *Id.*

On July 25, 2022, the trial court held an evidentiary hearing "to further investigate the alleged illegal sentence raised by Defendant in his Petition for Post-Conviction Relief." (Doc. 11-1 at 111, 113; Exhs. I, J.) Based on the evidence presented, the court determined that the victim "was 14.5 years of age at the time of the offense in question … [t]herefore, the sentence was legal." (*Id.*) Petitioner filed a second petition for review, and the Arizona Court of Appeals granted review but denied relief. (Doc. 11-1 at 115; Exh. K.)

\\\

\\\

### III. PETITION FOR WRIT OF HABEAS CORPUS

On June 28, 2023, Petitioner initiated habeas corpus proceedings pursuant to 28 U.S.C. § 2254. (Doc. 1.) Petitioner raises four grounds for relief. (*Id.* at 6–11.) In Ground One, Petitioner claims that his Fifth, Sixth, and Fourteenth Amendment rights were violated when he was convicted based on false evidence. In Ground Two, Petitioner claims that his constitutional rights were violated when the State presented perjured testimony to the grand jury. In Ground Three, Petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights were violated when the prosecutor misstated material facts. In Ground Four, Petitioner asserts a claim for prosecutorial misconduct, claiming the prosecutor "allowed" false evidence, perjured testimony, "false elements of the crime," a fraudulent indictment, and a fraudulent and unlawful plea agreement. (Docs. 1, 6.)

On March 28, 2024, Respondents filed a Limited Answer. (Doc. 11.) On May 23, 2024, Petitioner filed a Reply. (Doc. 14.)[1]

### IV. STATUTE OF LIMITATIONS

#### A. Time Calculation

The AEDPA imposes a one-year limitation period, which begins to run "from the latest of … the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 33, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007). Therefore, the judgment of conviction becomes final upon the conclusion of the Rule 33 of-right proceeding, or upon the expiration of the time for

---

[1] Petitioner was released from Central Arizona Correctional Facility on July 16, 2024. However, the review of his habeas petition is not moot. "On numerous occasions in the past this Court has proceeded to adjudicate the merits of criminal cases in which the sentence had been fully served or the probationary period during which a suspended sentence could be reimposed had terminated. Thus mere release of the prisoner does not mechanically foreclose consideration of the merits by this Court." *Sibron v. New York*, 392 U.S. 40, 51 (1968) (citations omitted).

seeking such review. *See id.*

Petitioner pleaded guilty and was sentenced on June 16, 2014. (Doc. 11-1 at 3, 42–46; Exhs. A, C.) Petitioner then had 90 days—or until September 15, 2014—within which to initiate PCR proceedings. Petitioner failed to do so. Petitioner's habeas petition was due one year later - on September 15, 2015. Petitioner filed his habeas petition on June 28, 2023. Thus, absent statutory or equitable tolling, Petitioner's habeas petition is untimely by over seven years.

**B.     Statutory Tolling**

The one-year limitations period is statutorily tolled for the time period "during which a properly filed application for State post-conviction or other collateral review … is pending." 28 U.S.C. § 2244(d)(2).

Although Petitioner filed a December 2020 PCR notice, Petitioner's constitutional claims were dismissed as untimely, and none of the grounds set forth in the instant habeas petition allege an illegal sentence claim. *Curry*, 2021 WL 5571128 at *2. Thus, because Petitioner failed to file a timely PCR notice as to the claims he now raises, this filing did not toll the statute of limitations as it was not "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011) (stating that an "untimely petition must be treated as improperly filed, or as though it never existed, for purposes of section 2244(d)"); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) ("Under *Pace*, if a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled."), *amended*, 439 F.3d 993 (9th Cir. 2006).

Further, Petitioner's untimely PCR notice, filed over five years after the AEDPA's limitation period expired, did not restart the limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding a state petition filed after the expiration of AEDPA's one-year limitations period does not restart the limitations period that ended before the

state petition was filed). Therefore, Petitioner is not entitled to statutory tolling.

### C. Equitable Tolling

"A petitioner who seeks equitable tolling of AEDPA's 1-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The petitioner bears the burden of showing that equitable tolling should apply. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010). Equitable tolling is to be rarely granted. *See, e.g.*, *Waldron-Ramsey v. Pacholke,* 556 F.3d 1008, 1011 (9th Cir. 2009).

Petitioner does not argue that he is entitled to equitable tolling. In any event, the Court finds Petitioner's lack of diligence evidence that he does not satisfy the burden of demonstrating extraordinary circumstances that would justify equitable tolling. Petitioner failed to file a timely PCR notice, and when he did, "Curry filed his PCR petition more than six years late without good cause for the delay." *Curry*, 2021 WL 5571128 at *2. Accordingly, the Court finds there is no basis to conclude that Petitioner has been diligent in pursuing his rights. Petitioner has failed to meet his burden of demonstrating extraordinary circumstances that would justify equitable tolling.

### D. Actual Innocence

There is no miscarriage of justice by precluding Petitioner's untimely habeas petition. To avoid a miscarriage of justice, the habeas statute of limitations in 28 U.S.C. § 2244(d)(1) does not preclude "a court from entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 398 (2013).

Petitioner does not assert a claim of actual innocence. To the extent, however, Petitioner claims that he was convicted based upon false evidence of the victim's age, the

record belies his claim. During the change of plea hearing, Petitioner's attorney explained to the court he had received information that "puts the young woman who is the subject matter of Count I under the age of 15" and that it was "indisputable." (Doc 11-1 at 14–15; Exh. B.) Further, during the evidentiary hearing on July 25, 2022, the State admitted a certified copy of the victim's birth certificate and MVD record, confirming that the victim was 14.5 years old at the time of the offense. (Doc. 11-1 at 111, 113; Exhs. I, J.) Therefore, the Court concludes that there is no miscarriage of justice by precluding Petitioner's untimely habeas petition.

## V.     CONCLUSION

Based on the above analysis, the Court finds that Petitioner's habeas petition is untimely by over seven years, and Petitioner is not entitled to statutory or equitable tolling to excuse the untimely filing.

Accordingly,

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the amended Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

\\\

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 28th day of August, 2024.

*Michael T. Morrissey*
Honorable Michael T. Morrissey
United States Magistrate Judge