wo

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Lee Curry,<br><br>    Petitioner,<br><br>v.<br><br>Ryan Thornell,<br><br>    Respondent. | No. CV-23-08507-PCT-JAT (MTM)<br><br>**ORDER** |

  On August 29, 2024, a Report and Recommendation ("R&R") was issued in this case. In the R&R, the Magistrate Judge recommends that this Court deny relief on Petitioner's Petition for Writ of Habeas Corpus because it is barred by the Anti-Terrorism and Effective Death Penalty Act's statute of limitations. The R&R was returned as undeliverable because Petitioner, who is no longer in custody, has not kept his address current with this Court as required by the Order of January 8, 2024. (Doc. 6 at 2).

  Petitioner failed to file objections to the R&R. As the Court warned in the January 8, 2024 Order, failure to have a current address may result in dismissal of the case.

  More specifically, "… the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S.*

*Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").[1]

There being no objections, the Court will adopt the R&R and deny relief in this case. Accordingly,

**IT IS ORDERED** that the R&R (Doc. 16) is accepted.

**IT IS FURTHER ORDERED** that the Petition in this case is dismissed, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FINALLY ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of the petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 11th day of October, 2024.

James A. Teilborg
Senior United States District Judge

---

[1] The Court notes that the Notes of the Advisory Committee on Rules suggest a clear error standard of review under Federal Rule of Civil Procedure 72(b). Notes of Advisory Committee on Rules—1983 citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (The court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The court in *Campbell*, however, appears to delineate a standard of review specific to magistrate judge findings in the motion to suppress context. *See Campbell*, 501 F.2d at 206–207. Because this case is not within this limited context, this Court follows *Thomas*, 474 U.S. at 140 (1985) and the en banc decision in *Reyna-Tapia*, 328 F.3d at 1121.